UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA | ] | |
|---|---|---|
| | ] | |
| v. | ] | No. 3:18-cr-00291 |
| | ] | CAMPBELL |
| ROXANE TATUM | ] | |

## UNOPPOSED MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Comes now the defendant, Roxane Tatum, by and through undersigned counsel pursuant to Title 18 U.S.C. § 3583(e)(1) and hereby moves this Court to terminate her term of supervised release early. Ms. Tatum submits that her compliance on supervised release warrants early termination in the interests of justice.

In support of this motion, Ms. Tatum submits the following:

### STATEMENT OF FACTS

On June 3, 2019, Roxane Tatum pled guilty to five of the six counts alleged in the above indictment including a conspiracy to fraudulently obtain oxycodone and other related charges (DE 1 & 51). On September 27, 2019, Ms. Tatum was sentenced to a six-month term of imprisonment to be followed by three years of supervised release (DE 87-88). After going to the Atwood prison for six months, Ms. Tatum's period of supervised release commenced on May 29, 2020 and is scheduled to expire on May 29, 2023.

As of the filing of this motion, Ms. Tatum has completed nearly two years of her three-year term of supervised release; she has been on some sort of supervision with the United States

Court since her arrest on November 1, 2018 (DE 8), for a total of nearly three and a half years supervision as of this filing.

Ms. Tatum was initially supervised by U.S. Probation Officer Brandon Gentry; Mr. Gentry reports that Ms. Tatum has substantially complied with all conditions of her supervised release. Mr. Gentry is supportive of the instant request. Recently, because Ms. Tatum has moved, she is now supervised by Montranese Vinson out of the Nashville U.S. Probation Office. Ms. Vinson referred counsel to Mr. Gentry for a position on this motion.

Undersigned counsel has also conferred with Assistant United States Attorney Brent Hannafan; Mr. Hannafan represents that the government does not oppose the instant request.

## ANALYSIS

Ms. Tatum's initial sentence was six months incarceration followed by three years of supervised release (DE 87 & 88). Ms. Tatum self-reported to serve her prison time and, following her release, was placed on three years supervision. Ms. Tatum humbly submits that her conduct on supervised release and the interests of justice warrant consideration of the requested early termination of his supervised release. See generally Title 18 U.S.C. § 3583(e)(1).

Title 18 U.S.C. § 3583(e)(1) provides for early termination of supervised release and specifically provides:

> **(e) Modification of conditions of revocation.-** The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(b), (a)(2)(c), (a)(2)(D), (a)(5), (a)(6) and (a)(7)-
>
> **(1)** terminate a term of supervised release and discharge the defendant release at a time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice.

*See* Title 18 U.S.C. § 3583(e)(1).

Ms. Tatum submits that the factors to be considered by this Court warrant the requested early termination and addresses each of the 3553(a) factors listed in 3583(e):

### (1) the nature and circumstances of the offense and the history and characteristics of the defendant:

Ms. Tatum was charged by an indictment filed on October 24, 2010 (DE 1) and quickly accepted responsibility, entering a plea of guilty on June 3, 2019 (DE 50 & 51). As the Court may recall, Ms. Tatum while working as a nurse wrote herself and family members prescriptions for pain pills – at the time of her offense, Ms. Tatum struggled with addiction (Sentencing Memo., DE 81, p. 1).

Ms. Tatum's sentencing memorandum outlines the tragic circumstances that plagued Ms. Tatum as a child and followed her into adulthood, including the lack of stability in her home stemming from Ms. Tatum's mother's incarceration for robbery (DE 81, p. 2). Ms. Tatum's parent's divorced as a result of her mother's prison sentence and her father remarried a young woman who was physically and emotionally abusive to Ms. Tatum (*Id.*). Ms. Tatum married first when she was only fifteen years old; she ultimately married three times into abusive relationships and had two children and fostered a teenaged child (DE 81, pp 2-3).

Despite various hardships, Ms. Tatum secured a nursing license and started working for Dr. Hicks in 1991. She worked for Dr. Hicks until her arrest in this case – nearly 27 years of employment (DE 81, p. 3). While employed with Hicks, Ms. Tatum suffered various medical issues and Dr. Hicks treated her; her ailments included back, hip and leg pain; neuropathy in her foot; carpal tunnel syndrome; vertigo which caused frequent falls; and impaired vision (DE 81, p. 3). Ms. Tatum also suffers from post-traumatic stress disorder and depression (*Id.*).

While suffering from her various health issues, she became addicted to pain medications (DE 81, p. 4). Her addiction resulted in the above indictment and her convictions in this case. As stated, Ms. Tatum entered a guilty plea and accepted responsibility for her actions.

Currently, Ms. Tatum lives with her daughter at Chapmansboro, Tennessee, near the Kentucky-Tennessee border. Ms. Tatum is currently uncomfortable driving due to health issues

and it is a struggle to report to the probation office in Nashville, Tennessee as a result. Moreover, given her proximity to Kentucky, when her daughter travels to Kentucky for grocery shopping and other errands, Ms. Tatum cannot go because it would violate her supervision to cross state lines. Due to her struggles driving, her current situation, and her desire to travel freely to Kentucky to run errands with her daughter coupled with her excellent performance on supervised release, Ms. Tatum is requesting early termination of her supervised release.

**(2) the need for the sentence imposed-**

**(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;**
**(B) to afford adequate deterrence to criminal conduct;**
**(C) to protect the public from further crimes of the defendant; and**
**(D) to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;**

Ms. Tatum further submits that her time in prison and followed by her supervised release reflects the seriousness of the offense, promotes respect for the law and amounts to just punishment. Ms. Tatum's time in prison has afforded adequate deterrence and protected the public. This entire experience was embarrassing and stressful for Ms. Tatum; she fully intends to live a law-abiding life and underscores that she is full of remorse and embarrassment stemming from this matter. As this Court may recall, Ms. Tatum was a first time offender. Ms. Tatum's time on pretrial release followed by six months incarceration and the past two years on supervised release has been significant and addresses all of the factors outlined in 3553(a)(2).

**(3) the kinds of sentence available:**

Ms. Tatum has proven through self-reporting for her prison sentence and her compliance with supervised release that the imposed period of supervision has had a rehabilitative impact on her.

**(4) the kinds of sentences and the ranges established for-**

 **(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—**

**(5) a pertinent policy statement issued by the sentencing commission:**

This section does not appear to be relevant to Ms. Tatum's situation.

**(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;**

Ms. Tatum's request for early termination of supervised release will not result in a sentencing disparity. She has substantially complied with supervised release for nearly two-years, which came on the heels of over nearly a year on pretrial release. Ms. Tatum has approximately a year remaining on supervision.

**(7) the need to provide restitution to any victims of the offense:**

There was no restitution in this case.

Based upon the foregoing discussion of the factors to be considered by this Court, as well as the confirmation of Ms. Tatum's commendable performance on supervision, Ms. Tatum requests that this Court grant the instant motion. Ms. Tatum maintains that her conduct while on

supervised release and the *interests of justice* warrant granting this request for early termination of her supervised release. Title 18 U.S.C. § 3583(e)(1).

## CONCLUSION

For the reasons set forth above, Ms. Tatum requests this Honorable Court grant the instant motion and terminate her remaining period of supervised release.

Respectfully submitted,

s/ **Jodie A. Bell**
JODIE A. BELL, No. 18336
Washington Square Building
214 Second Avenue North, Suite 208
Nashville, Tennessee 37201
(615) 953-4977
(615) 928-1901 facsimile
jodie@attorneyjodiebell.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing Motion was filed electronically and served on the following:

Brent Hannafan
U.S. Attorney's Office
Middle District of Tennessee
Suite A-961, 110 Ninth Avenue South
Nashville, Tennessee 37203

This the 12th day of April 2022.

/s/ Jodie A. Bell
JODIE A. BELL